IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-514-FL

| | | |
|---|---|---|
| EDWARD BOWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HENDERSON POLICE | ) | |
| DEPARTMENT, JOHN DOE, and, | ) | |
| JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendant Henderson Police Department's motion to dismiss (DE # 5), to which plaintiff responded (DE # 10) and defendant replied (DE # 13). Also before the court are plaintiff's motion to proceed *in forma pauperis* and motion for appointment of counsel (DE #12). In this posture, the matter is ripe for adjudication. For the following reasons, the court grants plaintiff's motion to proceed *in forma pauperis*, denies plaintiff's motion for appointment of counsel, and grants defendant's motion to dismiss,.

**STATEMENT OF CASE**

On June 13, 2012, plaintiff filed a *pro se* complaint against defendants in Vance County Superior Court, alleging that a December 11, 2011, stop and subsequent search of his car by officers in the Henderson Police Department ("HPD") was a result of racial profiling and violated his federal and state constitutional rights. On August 15, 2012, defendant HPD removed the case to this court. On August 20, 2012, defendant HPD moved to dismiss pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process,

insufficient service of process, and failure to state a claim upon which relief can be granted. On September 14, 2012, plaintiff moved for leave to proceed *in forma pauperis* and for appointment of counsel.[1]

## STATEMENT OF THE FACTS

The facts as alleged by plaintiff in his complaint can be summarized as follows.

On December 21, 2011, plaintiff, an African-American and resident of New York, was driving through Vance County, North Carolina, on his way to Georgia. (Compl ¶¶ 2, 4). Plaintiff planned to celebrate his birthday and the holiday season with his family in Georgia. (Id. at ¶ 4). With him in the car, he had his pet dog, four thousand dollars ($4,000), and some jewelry. (Id. at ¶¶ 4-5).

At approximately 11:30 a.m., plaintiff was driving southbound on interstate 85, within the speed limit, when Officer W.R. Aiken of the HPD initiated a traffic stop of plaintiff's vehicle. (Id. at ¶¶ 6, 8). Plaintiff asked why he had been pulled over. Officer Aiken replied that plaintiff had been speeding. (Id. at ¶¶ 7-8). Officer Aiken requested plaintiff's license and registration, which plaintiff provided. (Id. at ¶ 9). Officer Aiken then returned to his patrol car and requested back-up assistance. (Id.). A sergeant responded to the scene. (Id.). The sergeant approached plaintiff's car and asked plaintiff if he possessed any contraband, which plaintiff denied. (Id. at ¶¶ 9-10). The sergeant then instructed plaintiff to report to Officer Aiken. (Id. at ¶ 9). Plaintiff did so, and was

---

[1] Defendants John and Jane Doe have not been named or served. Since one hundred and twenty (120) days have passed since the filing of this lawsuit, Federal Rule of Civil Procedure provides that the must dismiss the action without prejudice as to these defendants unless plaintiff can demonstrate good cause to the court why such service was not made within the prescribed time period. Accordingly, the court directs plaintiff to show good cause, within fourteen (14) days of receipt of this order, why service was not made during the one hundred and twenty (120) days following the filing of the complaint. Failure to demonstrate good cause or to respond to the notice within the time allotted will result in dismissal of defendants John and Jane Doe without prejudice.

2

issued a warning ticket. ((Id. at ¶ 10). Officer Aiken then told plaintiff he was going to search plaintiff's car, without plaintiff's consent. (Id.).

Upon finding the four thousand dollars ($4,000) plaintiff had in the car, Officer Aiken drew his service weapon and told plaintiff to give his dog to the sergeant. (Id. at ¶ 11). Plaintiff was placed in handcuffs and put into the back of the patrol car, while the officers continued to search his vehicle for over an hour, damaging the interior of his car. (Id. at ¶ 12). Plaintiff was severely distressed. (Id.). After finding no contraband, the officers released plaintiff and allowed him to proceed. (Id. at ¶ 13).

## DISCUSSION

Defendant HPD contends that it is not a separate legal entity capable of being sued, and that therefore the case against it must be dismissed under Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Defendant HPD also maintains that even if it was an entity that could be sued, plaintiff's complaint fails to state a valid claim against it under Rule 12(b)(6). For the reasons stated below, the court agrees.

A.  Standard of Review

Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) provide for dismissal on the basis of lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. When considering a motion to dismiss for insufficient process or insufficient service of process under Rules 12(b)(4) and (5), the plaintiff bears the burden of establishing that proper service of process was performed, and that the process itself was proper. Brissett v. Freemont Inv. & Loan Corp., No. 4:08-CV-77-F, 2010 WL 686547 at *2

3

(E.D.N.C. Feb. 24, 2010) (citing Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)). For the purposes of a Rule 12(b)(2) motion to dismiss, the court must construe "all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated, "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In addition to the pleadings, the court may look only to documents attached to the complaint or documents attached to the motion to dismiss that are integral to the complaint and authentic, and may also take judicial notice of matters of public record. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The court is also guided by case law affirming the liberal construction to be afforded filings by *pro se* litigants. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

4

B.  Analysis

    1.    Defendant HPD is not an entity that can be sued under § 1983.

42 U.S.C. § 1983 allows a plaintiff to sue a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution." To be properly amendable to suit, the defendant must be a person within the meaning of § 1983. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 662 (1978) ("We granted certiorari in this case . . . to consider [whether] local governmental officials and/or local independent school boards are 'persons' within the meaning of 42 U.S.C. § 1983").

Federal Rule of Civil Procedure 17(b) provides that state law determines when a governmental agency has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(3); see also Avery v. Burke, 600 F.2d 111, 113-14 (4th Cir. 1981) ("The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held."). Under North Carolina law, police departments are not an independent legal entity with the capacity to sue and be sued. See Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C. 2008) (citing Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C.2003)). While "municipalities and other local government units . . . [are] included among those persons to whom § 1983 applies," Monell, 436 U.S. at 690, municipal police departments and bureaus are generally not considered persons as they generally have no legal existence independent of their municipality. See Gore v. Conway Police Dept., No. 9:08-01806-RBH 2008 WL 2566985 *2 (D.S.C. Jun. 26, 2008) (collecting cases).

In this case, plaintiff is seeking to sue a municipal police department located in North

Carolina, defendant HPD. Under state law defendant HPD is not a legal entity capable of being sued. As such, it is not a person within the meaning of § 1983. Therefore plaintiff's claim against defendant HPD must be dismissed.

    2.    Plaintiff fails to state a claim against defendant HPD.

In addition, plaintiff's complaint must be dismissed under Rule 12(b)(6) because it does not state any valid claims against defendant HPD. The police department cannot be held vicariously liable for the actions of its officers under § 1983 because "[t]here is no *respondeat superior* liability under § 1983." Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (citing Monell, 436 U.S. at 691). A municipality can only be held liable under § 1983 for a deprivation of a plaintiff's rights if that deprivation occurred "through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). An official policy may arise from written ordinances and regulations, Id. (citing Monell, 436 U.S. at 690), affirmative decisions of policymaking individuals, Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986)), or omissions of policymakers manifesting "deliberate indifference to the rights of citizens." Id. (citing Canton v. City of Harris, 489 U.S. 378, 388-89 (1989)). An official custom is said to exist where "a practice is 'so persistent and widespread' and 'so permanent and well settled as to constituted a custom or usage with the force of law.'" Id. (quoting Monell, 436 U.S. at 691). Failure to train may rise to the level of an unconstitutional custom or policy, but only where there is a history of widespread abuse. Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983). However, a single act is "normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability." Id. See also Vizbaras v. Prieber, 761 F.2d 1013, 1017 (4th Cir. 1985).

In this case, plaintiff has alleged no facts supporting a proper § 1983 claim. He does not

6

allege any facts showing an official policy or custom of abuse, or failure to train. He merely alleges a single incident of police misconduct by non-policymaking individuals. Therefore defendant HPD cannot be held liable under § 1983.

Similarly, plaintiff does not state a valid state constitutional claim. Direct claims under the North Carolina State Constitution may only be brought when a litigant has no adequate remedy at state law. Craig ex rel. Craig v. New Hanover County Bd. Of Educ., 363 N.C. 334, 336, 678 S.E.2d. 351, 353 (2010). "An adequate state remedy exists if, assuming the plaintiff's claim is successful, the remedy would compensate the plaintiff for the same injury alleged in the direct constitutional claim." McFadyen v. Duke University, 786 F.Supp. 2d 887, 1010 (M.D.N.C. 2011).

In this case, there were adequate state remedies for plaintiff's claims. These remedies included common law false imprisonment, defined in North Carolina as "the illegal restraint of the person of any one against his will." Fowler v. Valencourt, 334 N.C. 345, 349 (1993) (quoting State v. Lunsford, 81 N.C. 528, 530 (1879)). Also available was the common law action for trespass to personal property, the elements of which are: "(1) that at the time of the alleged trespass, the plaintiff had actual possession of the personal property; and (2) that without justification, authority or lawful excuse, the defendant interfered with the plaintiff's possession of the personal property." Bishop v. Green Tree Servicing, LLC, No. 1:06-CV-355, 2007 WL 959524 *6 (W.D.N.C. Mar. 28, 2007); see also Rousselo v. Starling, 128 N.C.App. 439, 448 (1998) (holding that "the common law action for trespass to chattel proves a[n] [adequate] remedy for an unlawful search"). Therefore plaintiff's State constitutional claims must also be dismissed.

3. Motion for leave to proceed *in forma pauperis* and for appointment of counsel

For good cause shown, the court grants plaintiff's motion for leave to proceed *in forma*

7

*pauperis*. The court, however, denies plaintiff's motion for appointment of counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). At this stage in the proceedings, the court finds there are not exceptional circumstances warranting appointment of counsel.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to proceed *in forma pauperis* (DE #12) is GRANTED, plaintiff's motion to appoint counsel (DE #12) is DENIED, and defendant HPD's motion to dismiss (DE # 5) is GRANTED. The court DIRECTS plaintiff to show good cause, within fourteen (14) days of receipt of this order, why service was not made on defendants John and Jane Doe during the one hundred and twenty (120) days following the filing of the complaint. Failure to demonstrate good cause or to respond to the notice within the time allotted will result in dismissal of defendants John and Jane Doe without prejudice.

SO ORDERED, this the 5th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge